**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH CURTIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| COSTCO WHOLESALE CORPORATION and GAIL HINDS, | ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT

Plaintiff, KEITH CURTIS, by and through his attorneys, THE COFFEY LAW OFFICE, P.C., states as and for his Complaint against Defendants COSTCO WHOLESALE CORPORATION and GAIL HINDS, as follows:

### Nature of Case

1.      Plaintiff brings this action against Defendant to recover damages proximately caused by Defendants' illegal discrimination and failure to accommodate in violation of Title I of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. 12101 *et seq.* (the "ADA"), and illegal interference with his rights and retaliatory demotion, denial of promotion and/or requests to transfer, and failure to restore back to work in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

### Jurisdiction and Venue

2.      This Court has original jurisdiction over Plaintiff's ADA and FMLA claims under 28 U.S.C. §§ 1331, 1337, and 1343, 29 U.S.C. § 216(b).

3.      Venue is proper in this Court in that Defendant's illegal acts complained of herein took place within the geographical boundaries of this Court's jurisdiction.

1

4.      On August 10, 2012, Plaintiff timely filed a charge of illegal disability discrimination against Defendant with the local district office of the EEOC.

5.      On February 6, 2013, the EEOC issued a Notice of Right to Sue in connection with Plaintiff's charge.   A copy of the EEOC's Notice of Right to Sue is attached hereto.   This lawsuit has been filed within 90 days of Plaintiff's receipt of this Notice.

## The Parties

6.      Plaintiff, KEITH CURTIS (hereafter "Keith"), is an individual presently residing in Griffith, Indiana.

7.      Defendant, COSTCO WHOLESALE CORPORATION, Inc. (hereafter "Costco"), is a foreign corporation conducting a significant business at numerous warehouse/wholesale/retail facilities throughout the geographical boundaries of this Court, including a facility in Orland Park, Illinois, where its illegal activities described below took place.

8.      At all relevant times, Costco employed in excess of 50 employees at its various facilities within this Court's a geographical jurisdiction, and was thus an employer and covered entity as defined under the ADA and FMLA.

9.      Defendant GAIL HINDS is Costco's Warehouse Manager (Orland Park, IL facility), and on information and belief resided at all times relevant to this action within the geographical boundaries of this Court's jurisdiction.

10.      At all relevant times, Hinds acted directly or indirectly in the interest of Costco with respect to Keith and the FMLA violations set forth below.   Hinds therefore was an employer as defined under the FMLA.   See 29 U.S.C. § 2611(4)(A)(i),(ii).

2

**Relevant Facts**

11.     Keith started employment with Costco in 2001.   His most recent position prior to his May 2012 demotion was Optical Manager at Costco's Orland Park, Illinois facility reporting directly to Hinds.

12.     Keith's job performance at all relevant times met or exceeded Costco's legitimate expectations.

13.     Beginning in September 2011, Keith took an approximate six-week FMLA leave from work due to his own work-related stress and anxiety serious health condition.

14.     Defendants were aware that Keith was suffering from work-related stress and anxiety, and that his FMLA leave was necessitated by such conditions.

15.     While Keith was out of work on FMLA leave, Hinds called him numerous times and made various harassing and upsetting statements to Keith such as telling him that she "didn't like the way [Keith] went out on FMLA," and asking him when he would return to work.

16.     Upon returning to work from FMLA leave, Hinds continued to harass Keith and otherwise subject him to different terms and conditions of employment, including, but not limited to, derogatory statements and scrutiny regarding the way he dressed and/or looked, imposition of a work schedule on Keith and the employees in Keith's department that resulted in hardship and shortfalls in coverage necessitating that Keith work extra hours, and then criticizing Keith for working such extra hours, scrutinizing and documenting relatively trivial aspects of Keith's work and the functions of his department that were never an issue and/or scrutinized in the past, falsifying various claims such as

falsely stating that an assistant manager had called Keith to have him report into work on his off day to when the assistant manager in question never in fact called Keith.

17.     In April 2012, Costco placed Keith on ninety-day performance improvement plan for alleged performance issues, indicating that, if "corrective performance" is not exhibited, he would be demoted "effective July 16, 2012."

18.     Keith thereafter requested and attended a weekly meeting with an Asst. Store Manager wherein Keith was told he was doing well and meeting performance standards.

19.     Keith also thereafter advised his subordinates in the optical department that he may take another FMLA leave from work.

20.     On May 19, 2012, Costco and Manager Hind demoted Keith to the non-supervisory, hourly position of cashier for allegedly telling an hourly employee "that he would be taking a non-medical related leave if he 'felt demotion was imminent' in order to maintain his managerial pay."

21.     Keith denied making any such statement, and explained that he merely advised his subordinates that he may take another work-related stress and anxiety FMLA leave form work.

22.     On May 21, 2012, Keith commenced another work-related stress and anxiety FMLA leave from work.

23.     On June 5, 2010, Costco's disability insurance carrier, Unum, denied Keith's short term disability claim after determining that Keith could perform the functions of the cashier position at a Costco facility other than the Orland Park, IL store.

24.     Keith contacted Unum, and was directed to speak with Costco manager Greg Olson.

25.     Keith called Mr. Olson several times and left messages.   Mr. Olson did not return Keith's calls.

26.     On June 6, 2012, Keith delivered a Request for Transfer form to Hinds indicating therein that he wanted to transfer to an open optician position at Costco's Merrillville, IN, store.  Hinds told Keith that she "would not even look at [the transfer request form] until you return to work."   Keith asked Hinds if she would ever approve a transfer for him.   Hinds emphatically said, "no," and walked away.   Minutes later, Gail interrupted a conversation Keith and his wife were having with an independent contractor optometrist that worked within the store, and ordered Keith and his wife to leave the store.

27.     On or about June 9, 2012, Keith applied for an open part-time Optician position at Costco's Merrillville, IN, store.   Costco denied Keith's application without interviewing him because it allegedly chose a candidate from the Merrillville store "in the interest of career development within our location."

28.     In July 2012, Amy Veteto, an optical manager at Costco's Bedford Park, IL, store contacted Keith and told him that they had a full-time optician position open.   Keith applied and on July 9, 2012, interviewed with an Asst. Warehouse Mgr.   The next day Keith received a rejection notice stating that "[a]nother applicant that applied had more experience and time with the company.   The notice indicated that it was "[f]rom: Amy Veteto."   When Keith contacted Ms. Veteto, she stated that she was not aware a decision regarding the open position had been made, and was not aware that her name had been printed on Keith's rejection notice.

29.     On July 20, 2012, Keith e-mailed Karen Youngsma, Costco HR representative for the Orland Park store, and therein asked for her assistance with his situation including, asking how much FMLA time he had left, telling her that Hinds would not allow him to transfer, and asking if he could use some of his banked vacation time so he could get paid.   On July 31, 2012, Ms. Youngsma replied via e-mail to Keith stating that she would look into the issues he raised and get back to him as soon as possible.

30.     Neither Ms. Youngsma nor any other Costco employee or agent has thereafter replied to Keith's concerns and questions.

**Count I: Disability Discrimination, Including Failure to Accommodate,
in Violation of the ADA v. Costco**

31.     Keith restates and fully incorporates into Count I his allegations set forth in Paragraphs 1 through 30, above.

32.     The ADA makes it unlawful for an employer such as Costco to discriminate against a qualified individual on the basis of a disability in regard to discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment, including a failure to make reasonable accommodations to the known physical and mental limitations of an employee who is otherwise a qualified individual with a disability. See 42 U.S.C. § 12112(a) and (b).

33.     At the relevant times, Keith was "disabled" as defined under the ADA.

34.     At the relevant times, Keith was a "qualified individual" as defined under the ADA.   See 42 U.S.C. § 12111(8).

35.     As described above, Costco could have transferred Keith to an open position at another store that he was qualified to perform the functions of without undue hardship.

6

36.     Also, as described above, Costco failed to engage in an interactive process to identify potential work adjustments that will allow Keith him to return to work consistent with limitations related to his disability.

37.     As a direct and proximate result of Costco's illegal conduct as described above, Keith has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.     Costco knew that its acts as described above were prohibited by the ADA, or acted with reckless disregard to that possibility.

### Count II: Retaliation and Interference in Violation of the FMLA
### v. Costco and Hinds

39.     Keith restates and fully incorporates into Count II the allegations of Paragraphs 1 through 30, above.

40.     The FMLA permits eligible employees to take 12 workweeks of leave within a 12-month period if a serious health condition renders them unable to perform their job function. 29 U.S.C. § 2612(a)(1)(D).

41.     The FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the Act]." *Id.* § 2615(a).

42.     The FMLA also prohibits employers from discriminating or retaliating against an employee for exercising or attempting to exercise his or her FMLA rights. *See* 29 CFR § 825.220(c).

43.     In September 2011 and May 2012, Keith was eligible for FMLA leave.

7

44.     As described above, Keith's September 2011 and May 2012 leaves of absence from work were activity protected by the FMLA.

45.     Defendants took the above-described adverse actions against Keith, including refusal to restore him to his former position and/or reinstate him into any suitable position, in retaliation for his protected activities in violation of the FMLA.

46.     Also, as described above, Defendants failed to (1) notify Keith of the amount of leave that would be counted against is FMLA leave entitlement, or the amount of FMLA leave he had remaining, and (2) return Keith to his former position, or a suitable equivalent position in violation of the FMLA.

47.     On information and belief, Defendants have treated similarly situated employees who had not taken exercised their FMLA rights more favorably.

48.     As a direct and proximate result of Defendants' illegal acts as described above, Keith has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

49.     Defendants knew that their acts as described above were prohibited by the FMLA, or acted with reckless disregard to that possibility.

## Prayer for Relief (as to all Counts)

**WHEREFORE**, Plaintiff KEITH CURTIS respectfully requests that this Court enter judgment in his favor and against Defendants, COSTCO WHOLESALE CORPORATION and GAIL HINDS, as follows:

A.     Order Defendants to make KEITH whole by paying his appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.     Order Defendants to immediately reinstate KEITH to his former position or one comparable thereto at another COSTCO location; or, in the alternative, order COSTCO to pay KEITH an appropriate amount of front pay;

C.     [Count II only] Order Defendants to pay KEITH an additional amount as liquidated damages equal to the sum of the amount described in Par. A, above.

D.     Order Defendants to pay KEITH compensatory damages in the maximum amount allowable under the law;

E.     Order Defendants to pay KEITH punitive damages in the maximum amount allowable under the law.

F.     Order Defendants to pay KEITH's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

G.  Try all issues of fact to a jury; and,

H.  Grant such other relief as the Court deems just.

Respectfully submitted,
Plaintiff, KEITH CURTIS,


By:      _____/s/ Timothy J. Coffey____
         Timothy J. Coffey, Esq.
         THE COFFEY LAW OFFICE, P.C.
         Attorneys for KEITH CURTIS
         351 W. Hubbard Street
         Suite 602
         Chicago, IL   60654
         (312) 627-9700