IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 3432 |
| | ) | |
| COSTCO WHOLESALE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Costco Wholesale Corporation's (Costco) and Defendant Gail Hinds' (Hinds) bill of costs. For the reasons stated below, the bill of costs is granted in part and denied in part.

## BACKGROUND

Plaintiff Keith Curtis (Curtis) brought the instant action and included in his complaint a claim alleging discrimination because of an alleged disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count I), an ADA failure-to-accommodate claim (Count I), a retaliation claim brought under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.* (Count II), and a FMLA interference claim (Count II). On September

1

24, 2014, this court granted Defendants' motion for summary judgment on all counts. Defendants now move to recover costs pursuant to Federal Rule of Civil Procedure 54(d) (Rule 54(d)). Curtis objects to the bills of costs.

## LEGAL STANDARD

Rule 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees as a matter of course, unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). In addition to making sure that the requested costs are recoverable, a district court must also ensure that the costs are reasonable and "necessary to the litigation. . . ." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *see also Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)(referring to recoverable and reasonable considerations and to the "heavy presumption in favor of awarding costs").

## DISCUSSION

Defendants request an award of $8,013.20 for costs. (Mem. 1-3). Curtis objects and argues that the costs should be denied or reduced because he is indigent and the costs are unreasonable. (Resp. 1-10). In the alternative, Curtis requests that the court stay the proceedings or the enforcement of the award pending the outcome of his appeal. (Resp. 10).

I. Financial Hardship

Curtis argues that the court should deny Defendants' bill of costs because he is indigent and the costs would place an undue hardship upon him and his family. (Resp. 4-6). Defendants argue that Curtis has failed to establish that he is indigent. (Reply 3-4). In determining whether to award costs, a court can consider whether such award will cause an exceptional financial hardship to the non-prevailing party. *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006); *Jones v. Chicago Bd. of Educ.*, 2013 WL 2422653, at *1 (N.D. Ill. 2013). However, to establish indigence a non-prevailing party must present evidence that they are incapable of paying the costs at this time or in the future. *See Rivera*, 469 F.3d at 635 (stating that "[t]he burden is on the losing party to provide the district court with sufficient documentation to support such a finding"). Documentation, such as an affidavit, should include evidence of both the individual's "income and assets, as well as a schedule of expenses." *Id*. Curtis has submitted a one-page signed declaration (Declaration) which does not list his specific income or assets. (Decl. 1). Further, instead of including a schedule of expenses in his Declaration, Curtis merely states

3

that his family's monthly income is $650.00 less than their unnamed expenses. (Decl. 1). Thus, Curtis has presented insufficient evidence concerning his income, assets, and expenses. *See id*. ("[r]equiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances"). Accordingly, Curtis has failed to establish that he is indigent and incapable of paying the court-imposed costs in this case.

II. Deposition Transcripts and Copies

Defendants seeks to recover a total of $7,284.60 for court transcript costs relating to the depositions of Hinds, Janet Jalowiec (Jalowiec), Leslie Engram (Engram), Karen Youngsma (Youngsma), Paul Michon (Michon), Andrew Leachman (Leachman), and Curtis. (Ex. A). Defendants also seek to recover $728.60 for costs for exemplification and for making copies of documents in this case. (Ex. B). Curtis argues in a conclusory fashion that such costs should be denied outright in their entirety because Defendants have failed to establish that such costs were reasonable, necessary, or recoverable under the law. (Resp. 3-4).

There is a presumption that a court should award recoverable costs that are "reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995)(stating that "district courts enjoy wide latitude in determining and awarding reasonable costs"); *see also Jones v. Chicago Bd. of Educ.*, 2013 WL 2422653, at *1 (N.D. Ill. 2013)(stating that "[t]here exists a strong

presumption that the prevailing party may recover reasonable and necessary litigation costs from the losing party"); *Life Plans, Inc. v. Security Life of Denver Insurance Company*, 2014 WL 2879881, at *2 (N.D. Ill. 2014)(stating that the presumption in favor of awarding costs "does not, however, relieve the prevailing party of the burden of establishing that potentially recoverable costs it incurred were reasonable and necessary"); *Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 2004 WL 557388, 1 (N.D. Ill. 2004)(stating that "[i]n reviewing a bill of costs, the court will determine whether the costs are allowable and reasonable both in their amount and their necessity to the litigation").

### A. Hinds' Deposition Transcripts

Defendants request $943.80 in costs for the deposition transcripts of Hinds on January 10, 2014. (Ex. A). Defendants point out that Curtis chose to depose Hinds in support of his case. (Reply 6). Curtis argues that Defendants only used limited pages from Hinds' transcript in their Rule 56.1 statement of uncontested material facts and therefore costs relating to Hinds' deposition transcript should be denied. (Resp. 7-8). Defendants have provided sufficient itemization and documentation for the court to assess the reasonableness of costs relating to Hinds' deposition transcript. (Ex. A). Specifically, Defendants' invoice reflects that Hinds' deposition transcript consisted of 363 pages, at a $2.60 per page rate, for a total of $943.80. (Ex. A); *See Holyfield-Cooper v. Board of Education of City of Chicago*, 2014 WL

5

3808933, at *1 (N.D. Ill. 2014)(stating that "according to the Judicial Conference of the United States and Local Rule 54.1(b), the maximum rate for standard delivery of a transcript is $3.65 per page"). Such a rate is within the Local Rule 54.1(b) prescribed limits and is entirely reasonable considering the type of claims presented in this multi-defendant case. Defendants have itemized Hinds' deposition transcript costs and have shown that they were related to the preparation of their defenses and dispositive motions. (Ex. A, Reply 6). Defendants have also provided sufficient explanations in their filings to show that the costs incurred were reasonable and necessary. (Ex. A; Reply 6). Therefore, Defendants will be awarded $943.80 for the Hinds' deposition costs.

### B. Other Deposition Transcripts

Defendants also request $5,055.80 in costs for the deposition transcripts of Jalowiec on January 20, 2014, Engram on January 27, 2014, Youngsma on January 27, 2014, Michon on January 28, 2014, Leachman on January 28, 2014, and Curtis on November 14, 2013. (Ex. A). Defendants point out that Curtis chose to depose Jalowiec, Engram, Youngsma, Michon, and Leachman in support of his case. (Reply 6). Curtis argues that Defendants only used limited pages from the transcript of these witnesses in their Rule 56.1 statement of uncontested material facts and therefore costs relating to such deposition transcripts should be denied. (Resp. 7-8). Defendants' itemized invoice reflects that Jalowiec's deposition transcript consisted

of 192 pages at a rate of $4.00 per page for a total of $768.00, Engram's deposition transcript consisted of 200 pages at a rate of $4.00 per page for a total of $800.00, Youngsma's deposition transcript consisted of 125 pages at a rate of $4.00 per page for a total of $500.00, Michon's deposition transcript consisted of 189 pages at a rate of $4.00 per page for a total of $756.00, Leachman's deposition transcript consisted of 191 pages at a rate of $4.00 per page for a total of $764.00, and Curtis's deposition transcript consisted of 358 pages at a rate of $4.10 per page for a total of $1,467.80 (Ex. A). Curtis has objected to the per page rate of $4.00 for the Jalowiec, Engram, Youngsma, Michon, and Leachman depositions and the per page rate of $4.10 for his own deposition, arguing that such rates far exceed the $3.65 maximum rate set forth in Local Rule 54.1(b). (Resp. 7-8) Defendants have itemized the deposition transcript costs and have shown that they were related to the preparation of their defenses and dispositive motions. (Ex. A; Reply 6). Defendants, however, have not provided sufficient explanations in their filings to show that the costs incurred taking these depositions were taken at a reasonable rate. Specifically, Defendants have not sufficiently addressed why they are seeking to charge in excess of the $3.65 per page rate set forth in Local Rule 54.1(b). *Holyfield-Cooper*, 2014 WL 3808933 at *1. Accordingly, Defendants will be able to recover costs for the Jalowiec, Engram, Youngsma, Michon, Leachman, and Curtis deposition transcripts at the $3.65 maximum rate set forth in Local Rule 54.1(b). Thus, Defendants' award will be reduced to $700.80 ($3.65 x 192 pages) for the Jalowiec deposition transcripts, $730.00 ($3.65 x 200 pages) for the Engram deposition transcripts,

$456.25 ($3.65 x 125 pages) for the Youngsma deposition transcripts, $689.85 ($3.65 x 189 pages) for the Michon deposition transcripts, $697.15 ($3.65 x 191 pages) for the Leachman deposition transcripts, and $1,306.70 ($3.65 x 358 pages) for the Curtis deposition transcripts.

### C. Video-Recorded Deposition

Defendants request an additional $1,285.00 for the video recording of Curtis' deposition. (Ex. A). Curtis objects and indicates that such additional video costs are duplicative and unnecessary since Defendants are already seeking to recover the costs for the transcript of his deposition. (Resp. 7). The court has already awarded Defendants $1,306.70 for the Curtis deposition transcripts. Further, the video recording of Curtis' deposition was not cited or submitted in support of Defendants' motion for summary judgment. Accordingly, Defendants have failed to sufficiently explain why additional costs for a video recording of Curtis' deposition in this case are reasonable. Therefore, Defendants' request for $1,285.00 for the video recording of Curtis' deposition is denied.

### D. Copies

Defendants seek to recover $728.00 for costs for exemplification and costs for making copies. (Ex. B). Defendants, however, indicate that they do not have the invoices for the copies they are seeking to recover and that the copying bills are also

8

not available. (Ex. B). Since Defendants have not provided any invoices or bills relating to the costs of the copies they seek to recover, Defendants request for $728.00 for copies is denied.

III. Stay of Proceedings

Curtis requests that the court stay the proceedings or the enforcement of the award pending the outcome of his appeal. (Resp. 10). As indicated above, there is a presumption pursuant to Rule 54(d) that the prevailing party will be allowed to recover costs. Curtis has not shown a likelihood of success on the merits of his appeal or presented sufficient justification to warrant any delay in the enforcement of the award of costs. *See Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994)(stating that "costs are appealable separately from the merits; a district court may award costs even while the substantive appeal is pending"); *see also* Fed. R. Civ. P. 62 (addressing stay of enforcement of a judgment); *Bell v. Columbia St. Mary's Inc.*, 2009 WL 499058, at *1 (E.D. Wis. 2009)(denying request to stay in part because the "plaintiff ha[d] not demonstrated any likelihood of success on the merits of her appeal"). Therefore, Curtis' request for a stay of the proceedings or a stay of the enforcement of the award is denied. Based on the above, Defendants will be awarded a total of $5,524.55 in costs relating to the depositions of Hinds, Jalowiec, Engram, Youngsma, Michon, Leachman, and Curtis.

## CONCLUSION

Based on the foregoing analysis, Defendants are awarded $5,524.55 in costs.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: May 12, 2015